UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
FAIR HOUSING JUSTICE CENTER, INC.,

                Plaintiff,

   - against -

WATERMARK CAPITAL GROUP LLC,
WATERMARK CAPITAL MANAGEMENT LLC,
WATERMARK DEVELOPERS LLC, 4TH AVENUE
QOZB LLC, ONE ZERO ONE LLC, 303 WYTHE
AVE LLC, CHESKY LANDAU A/K/A CHASKEL
LANDAU, 1428 PUTNAM TOWERS LLC, 143
GRAHAM LLC, BARCLAY USA LLC, THE
LOKETCH GROUP INC., B CONTRACTORS
GROUP LLC, WMCM LLC, EMPIRE
MANAGEMENT & CONSTRUCTION LLC,
YATZIV CORP., and ND ARCHITECTURE &
DESIGN P.C.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.: 1:25-cv-00874-HG-JAM

Defendant ND Architecture & Design P.C., ("ND Architecture") by and through its attorneys, Gfeller Laurie LLP, and for its Answer to Plaintiff's Complaint, states:

## **INTRODUCTION**

1. Denied. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denied. Paragraph 2 violates Fed. R. Civ. P. 10, in that it quotes to external sources/documents, but does not attach the external sources/documents. In addition, those sources/documents speak for themselves. As a result, Paragraph 2 is denied.

3. Denied.

4. Denied.

5. Denied. Paragraph 5 violates Fed. R. Civ. P. 10, in that it quotes to external sources/documents, but does not attach the external sources/documents. In addition, those sources/documents speak for themselves. As a result, Paragraph 5 is denied.

6. Denied.

7. Denied.

## JURISDICTION AND VENUE

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required.

## JURY DEMAND

10. Paragraph 10 is Plaintiff's demand for a trial by jury and as such requires no answer. To the extent any answer is required, the ND Architecture denies this action is appropriate for trial by jury and make no such demand.

## THE PROPERTIES

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. ND Architect agree to use the term "Subject Properties" as defined by Plaintiff.

## PARTIES

18. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. ND Architecture only admits that it has a principal place of business in Brooklyn, New York and is authorized to do business in the State of New York.

35. Denied as to ND Architecture. ND Architecture denies knowledge or information sufficient to form a belief as to all defendants.

## FACTUAL ALLEGATIONS

### Statutory and Regulatory Framework

36. Paragraph 36 of is Plaintiff's statement of the FHAA and its legislative history and as such requires no answer. To the extent any answer is required, Defendant denies that any of Plaintiff's claims are colorable under the cited claims for relief.

37. Paragraph 37 of is Plaintiff's statement of the FHAA and its legislative history and as such requires no answer. To the extent any answer is required, Defendant denies that any of Plaintiff's claims are colorable under the cited claims for relief.

38. (a-g). Paragraph 38 of is Plaintiff's statement of the FHAA and its legislative history and as such requires no answer. To the extent any answer is required, Defendant denies that any of Plaintiff's claims are colorable under the cited claims for relief.

39. Paragraph 39 of is Plaintiff's statement of HUD's attempts to meet its statutory obligation for rulemaking and technical guidance pursuant to the FHAA, and as such requires no answer. To the extent any such answer is required, Defendant denies that compliance with any of the guidance documents or incorporated standards referred to in paragraph 39 is required for compliance with the FHAA statutory design and construction requirements.

40. Paragraph 40 is Plaintiff's statement of the accessibility design and construction requirements under New York State law and as such requires no answer. To the extent any answer is required, Defendant denies that any of Plaintiff's claims are colorable under the cited claims for relief.

41. Paragraph 41 is Plaintiff's further statement of the accessibility design and construction requirements under New York City law and as such requires no answer. To the extent any answer is required, Defendant denies that any of Plaintiff's claims are colorable under the cited claims for relief.

**Fair Housing Justice Center**

42. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. (a-m). ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

**Inaccessible Features at 584 Fourth Avenue Violate Fair Housing Laws**

55. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. (a-g). ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. Denied.

61. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

**Inaccessible Features at 169 Johnson Avenue Violate Fair Housing Laws**

62. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. (a-e). ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. ND Architecture denies the allegations in paragraph 68 of the Complaint.

69. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

**Inaccessible Features at 138-25 Barclay Avenue Violate Fair Housing Laws**

70. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. ND Architecture denies the allegations in paragraph 74 of the Complaint.

75. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

**Inaccessible Features at 44 Kent Street Violate Fair Housing Laws**

76. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. (a-f). ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

**Inaccessible Features at 303 Wythe Avenue Violate Fair Housing Laws**

85. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90. (a-c). ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93. ND Architecture denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

**The Defendants' Ongoing Pattern and Practice of Unlawful Design and Construction of Residential Housing**

94. Denied.

95. Denied as stated.

**Injury to FHJC**

96. Denied.

97. Denied.

98. Denied.

99. (a-c). Denied.

### FIRST CAUSE OF ACTION
### (Federal Fair Housing Act – 42 U.S.C. § 3601 et seq.)

100. ND Architecture repeats and realleges each and every response in paragraphs 1 through 99 as if fully set forth herein.

101. ND Architecture denies the allegations in paragraph 101 of the Complaint.

102. ND Architecture denies the allegations in paragraph 102 of the Complaint.

103. Denied.

104. ND Architecture denies the allegations in paragraph 103 of the Complaint.

105. ND Architecture denies the allegations in paragraph 104 of the Complaint.

106. ND Architecture denies the allegations in paragraph 105 of the Complaint.

107. ND Architecture denies the allegations in paragraph 106 of the Complaint.

108. ND Architecture denies the allegations in paragraph 107 of the Complaint.

109. ND Architecture denies the allegations in paragraph 108 of the Complaint.

110. ND Architecture denies the allegations in paragraph 109 of the Complaint.

## SECOND CAUSE OF ACTION
### (New York State Human Rights Law – N.Y. Exec. Law § 290 et seq.)

111. ND Architecture repeats and realleges each and every response in paragraphs 1 through 110 as if fully set forth herein.

112. Denied.

113. Denied.

114. ND Architecture denies the allegations in paragraph 114 of the Complaint.

115. ND Architecture denies the allegations in paragraph 115 of the Complaint.

116. ND Architecture denies the allegations in paragraph 116 of the Complaint.

117. ND Architecture denies the allegations in paragraph 117 of the Complaint.

118. ND Architecture denies the allegations in paragraph 118 of the Complaint.

119. ND Architecture denies the allegations in paragraph 119 of the Complaint.

120. ND Architecture denies the allegations in paragraph 120 of the Complaint.

121. ND Architecture denies the allegations in paragraph 121 of the Complaint.

## THIRD CAUSE OF ACTION
### (New York City Human Rights Law – Administrative Code § 8-107 *et seq.*)

122. ND Architecture repeats and realleges each and every response in paragraphs 1 through 121 as if fully set forth herein.

123. Denied.

124. Denied.

125. ND Architecture denies the allegations in paragraph 125 of the Complaint.

126. ND Architecture denies the allegations in paragraph 126 of the Complaint.

127. ND Architecture denies the allegations in paragraph 127 of the Complaint.

128. ND Architecture denies the allegations in paragraph 128 of the Complaint.

129. ND Architecture denies the allegations in paragraph 129 of the Complaint.

130. ND Architecture denies the allegations in paragraph 130 of the Complaint.

131. ND Architecture denies the allegations in paragraph 131 of the Complaint.

132. ND Architecture denies the allegations in paragraph 132 of the Complaint.

133. ND Architecture denies the allegations in paragraph 133 of the Complaint.

134. ND Architecture denies the allegations in paragraph 134 of the Complaint.

## PRAYER FOR RELIEF

ND Architecture denies that Plaintiff is entitled to any of the relief requested.

## PRAYER FOR RELIEF

All allegations asserted which have not been expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any issues in this case, ND Architecture asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against ND Architecture upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff may not maintain its alleged causes of action under the principle of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff may not maintain its alleged causes of action under the principle of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain its alleged causes of action under the principle of laches.

## FIFTH AFFIRMATIVE DEFENSE

Whatever damages Plaintiff may have sustained as alleged m its underlying Complaint, all of which is denied by ND Architecture, will have been caused and/or brought about in whole or in part by the affirmative wrongdoing, fault, poor business judgment, negligence and failure of due care of the Plaintiff or its agents and any recovery should be thereby dismissed or diminished in the proportion which Plaintiffs or its agents' culpable conduct bears to the conduct which caused the alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint were caused by the culpable conduct of some third person or persons over whom ND Architecture neither had nor exercised control and for the acts or omissions of whom ND Architecture has no liability.

## SEVENTH AFFIRMATIVE DEFENSE

ND Architecture's contract provisions relative to work performed on the subject project bars, limits, or restricts ND Architecture's potential liability for the subject claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable principles of proximate cause and competent producing cause.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

ND Architecture satisfied all applicable standards of care, contractual obligations, and legal requirements.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or must be set off by the doctrines of contribution and/or indemnification.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable Statute of Limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

ND Architecture reserves the right to assert such other affirmative and special defenses as may become known through the course of discovery.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

1. If Plaintiff is entitled to recover judgment against ND Architecture for its damages, which ND Architecture expressly denies, such damages were caused by reason of the sole and/or primary negligence, carelessness, breach of contract, and/or other culpable conduct of Watermark Capital Group LLC, Watermark Capital Management LLC, Chesky Landau a/k/a Chaskel Landau, Empire Management & Construction LLC, The Loketch Group Inc., B Contractors Group LLC, 4th Avenue QOZB LLC, One Zero One LLC, 303 Wythe Ave LLC, 1428 Putnam Towers LLC, and 143 Graham LLC and any additional parties impleaded into this matter (collectively, "the cross-claim defendants").

2. By reason of the foregoing, if plaintiff should recover judgment against ND Architecture, then ND Architecture shall be entitled to indemnification and/or contribution by judgment over and against the cross-claim defendants for the full amount of such judgment or for the excess paid by ND Architecture over and above its equitable share of the judgment, together with interest, attorneys' fees, and the costs and disbursements of this action.

3. Further, ND Architecture seeks contractual indemnification from all claims, liabilities, suits, costs, and attorneys' fees, arising from the fault of others including the cross-claim defendants.

<b><u>DENIAL OF ALL CROSSCLAIMS FOR<br>CONTRIBUTION OR INDEMNIFICATION</u></b>

ND Architecture hereby denies all crossclaims against it for common law contribution or indemnification.

**WHEREFORE**, ND Architecture respectfully requests that judgment be entered in its favor and against Plaintiff, and that the Court dismiss all claims and crossclaims raised against ND Architecture by Plaintiff and any other party with prejudice, and that the Court award ND Architecture the following relief:

(a) Dismissal of each claim (with prejudice) raised by Plaintiff;

(b) Costs, disbursements, and interest as permitted by law; and

(c) Such other relief as the Court deems proper.

Dated: Princeton, New Jersey
       June 24, 2025

Respectfully submitted,

**GFELLER LAURIE LLP**

By: ___/s/Gary Strong_____
      Gary Strong, Esq.
*Attorneys for Defendant*
**ND Architecture & Design P.C.**
105 College Road East
Second Floor
Princeton, New Jersey 08540
(609) 776-3100
gstrong@gllawgroup.com

TO: All counsel of record. (via ECF)