# WANG HECKER LLP

111 Broadway, Suite 1406
New York, NY 10006

Alice Reiter
212.620.2604 tel
212.620.2614 fax

areiter@wanghecker.com

September 10, 2025

**BY ECF**

The Hon. Joseph A. Marutollo
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Fair Housing Justice Center, Inc. v. Watermark Capital Group LLC, et al.*,
             Index No. 25 Civ. 00874 (HG)(JAM)

Dear Judge Marutollo:

      This firm represents Plaintiff Fair Housing Justice Center, Inc. ("FHJC") in this case alleging that five multifamily residential properties in Brooklyn and Queens (the "Subject Properties") were designed and constructed in violation of federal, state, and local accessibility requirements. We are writing on behalf of all parties pursuant to the Court's August 20th Order, which directed the parties to file a joint status report by September 10, 2025.

      As noted in our August 20th status report, ECF No. 63, the parties have scheduled inspections of the five Subject Properties for four full days on September 15, 16, 17, and 18. Counsel have been conferring regarding the detailed inspection protocol – which Plaintiff's expert proposed after reviewing the drawings and floor plans produced in discovery – and are in the process of finalizing the list of units that will be inspected on each day. At the inspections, Plaintiff's expert and one Defendant's expert will collect measurements and assess the as-built conditions in the dwelling units and common areas at each of the five buildings.

      Pursuant to the Court's May 27, 2025 Order, Plaintiff's expert disclosures are due by October 24, 2025 and Defendants' expert disclosures are due by December 5, 2025. The parties respectfully renew our request that the Court first permit the exchange of informal expert findings and Defendants' responses thereto for the purposes of exploring early settlement. *See* ECF No. 47. In counsel's collective experience in numerous other design and construction cases, initial, informal draft accessibility reports are an essential tool to aid in early settlement discussions because FHJC prioritizes agreement on a retrofit protocol and the informal findings form the basis for that negotiation. Particularly because this is a fee-shifting case for which the

informal findings following building inspections are a prerequisite to any substantive settlement conversation, requiring formal expert reports at this stage will greatly increase fees and costs to the extent that it may impede the ability of the parties to reach an early settlement which they are otherwise inclined to explore.  We are mindful that the Court expressed a disinclination to allow the parties to proceed in this phased manner rather than on a more conventional discovery schedule.  However, the parties have timely completed all non-ESI document discovery, the creation of the informal findings and responses thereto will be utilized in later stages of litigation if necessary, and the substance of settlement discussions can often contribute to a narrowing of issues to be litigated in these design and construction cases.

The parties therefore request that the Court convert the October 24 deadline into a deadline for Plaintiff's expert to provide a draft accessibility report for settlement purposes, and the December 5 deadline into the deadline for Defendants' experts to respond to that report.  The parties would then seek to engage in prompt initial settlement discussions and if appropriate, a settlement conference or mediation to see whether early resolution of the case is possible.  In the event that the parties are not able to resolve this matter at that stage, we propose that we would then submit a new case management plan with a trial date and deadlines for submission of an ESI protocol, any outstanding document discovery and depositions, formal expert reports and depositions, and any dispositive motion practice.

The parties remain committed to diligently pressing forward with this action and taking the necessary steps to achieve either an early settlement or an efficient litigation schedule.

We are available to answer any other questions the Court may have after reviewing this status report.

Respectfully submitted,

Alice G. Reiter

cc:   Counsel of Record (by ECF)